IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ROSIE YOUNG,                        )
                                    )
    Plaintiff,                      )
                                    )   No. 07-2087 Ml/P
v.                                  )
                                    )
MICHAEL J. ASTRUE, Commissioner     )
of Social Security,                 )
                                    )
    Defendant.                      )

_____

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**
_____

Before the court is the Motion to Dismiss of defendant Michael J. Astrue,[1] Commissioner of Social Security ("Commissioner"), pursuant to the Social Security Act, 42 U.S.C. § 405(g), filed on July 23, 2007. (D.E. 8). Plaintiff Rosie Young filed her response in opposition on August 13, 2007. The motion was referred to the Magistrate Judge for a report and recommendation.

The court hereby submits the following proposed findings of fact and conclusions of law and recommends that the motion to dismiss be DENIED.

    **I. PROPOSED FINDINGS OF FACT**

This motion arises from Young's complaint, filed in federal

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. By prior order of the court, Astrue has been substituted for the former Commissioner, Jo Anne B. Barnhart, as the defendant in this case. See 42 U.S.C. § 405(g).

court on February 8, 2007, appealing the denial of her claim for social security benefits. Young filed an application for disability benefits with the Social Security Administration ("SSA") on September 17, 2003. (Complaint at 1). Her application was denied initially and upon reconsideration. (Id.). She appealed, and a hearing was held before an Administrative Law Judge ("ALJ") on July 13, 2005. In a decision dated March 18, 2006, the ALJ found that Young was not disabled, and Young subsequently filed a request for review. (Id.). The Appeals Council denied review on December 4, 2006, making the ALJ's decision the final decision in Young's case. On February 8, 2007, Young filed a complaint in federal court requesting review of the ALJ's decision.

In his motion to dismiss, the Commissioner claims that Young's complaint should be dismissed because it was filed late. The Commissioner contends that a plaintiff has sixty days from the date that the plaintiff receives the SSA's decision regarding her claim for benefits to file a complaint in federal court requesting review of the adverse decision. The Commissioner asserts that the Appeals Council's decision was issued on December 4, 2006, and thus the sixty-day period, including the presumptive five days for receipt of the notice of decision, ended on February 7, 2007. Therefore, the Commissioner argues that Young's complaint, which was filed on February 8, 2007, is untimely and should be dismissed.

In response, Young states that she filed her complaint, along

with her civil action cover sheet and motion to proceed *in forma pauperis* ("IFP"), on February 1, 2007 – well within the sixty-day limitations period – and that she received electronic confirmation of her submission from the clerk's office. The same day, however, Young's attorney, Chris A. Cornaghie, received notice from the clerk's office that the credit card on file with the clerk had expired in November of 2006. Young contends that Cornaghie updated his credit card information on February 2, 2007. Later that day, Young also received notice from the clerk's office that the IFP form she had submitted was incomplete because Young's signature was missing. On February 2, Cornaghie emailed the clerk's office to find out what was necessary to remedy the deficiency. On February 5, the clerk's office responded to the email and stated that the "signed copy would be filed as a 'Notice of Correction'" and "the only document you will be submitting is the IFP Application." (Pl.'s Resp. at 7). Further, the clerk's office stated that it would "use the original complaint" that Young had submitted. (Id.). Young filed the corrected IFP form on February 8 and received electronic confirmation. Moreover, Young contends that neither she nor her attorney received any indication at any time that her complaint was not filed on February 1, 2007, and that she believed, based on the confirmation received on February 1, that the complaint had been filed that day.

Young's response also includes a copy of the Appeals Council's

decision mailed to Young's prior counsel, which has a date stamp of December 11, 2007. (Pl.'s Resp. at 10). Young argues that this shows that the notice of decision was not received within the presumptive five days. Thus, she argues that she had until February 14, 2007, to file her complaint.

## II. PROPOSED CONCLUSIONS OF LAW

Under the Social Security Act,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Additionally, the Social Security Administration Regulations state that

> Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Thus, there is a rebuttable presumption that the claimant received her notice of denial within five days of the date of the notice. Cook v. Comm'r of Soc. Sec., 480 F.3d 432,

435 (6th Cir. 2007). The sixty-day limit for judicial review is "not jurisdictional, but rather is a statute of limitations." Bowen v. City of New York, 476 U.S. 467, 476 (1986); Cook, 480 F.3d at 435.

The Commissioner argues that Young's complaint should be dismissed because it was filed one day after the sixty-day limitations period had expired. Young responds that her previous attorney did not receive the notice of decision until December 11, 2006, which would mean that her filing on February 8, 2007, fell within the sixty-day period. As an attachment to her response, Young provides a copy of the notice that was sent to her former attorney which shows a date stamp of December 11, 2006. She did not, however, provide an affidavit from Young's prior counsel or any other evidence to show that the date stamp accurately reflects the date on which the notice was received by Young's prior counsel. Without such support, the court cannot find that the notice was actually received on December 11, 2006.

Nevertheless, the court submits that the doctrine of equitable tolling applies under the facts of this case. The Supreme Court has held that "the application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" Bowen, 476 U.S. at 480 (quoting Honda v. Clark, 386 U.S. 484, 501 (1967)). Courts consider five factors in

determining the appropriateness of tolling a statute of limitations:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Cook, 480 F.3d at 437. Equitable tolling "is an extraordinary measure that applies only when [a] plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004). The standard is reasonable diligence, not extreme or exceptional diligence. Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005). Courts generally allow equitable tolling when plaintiffs "actively pursued their legal remedies by filing defective pleadings within the statutory period." Delgado v. Ortho-McNeil, Inc., No. SACV07-263CJCMLGX, 2007 WL 2847238, at *4 (C.D. Cal. Aug. 7, 2007).

In this case, Young was reasonably diligent in pursuing her legal remedies. She filed her complaint, along with the civil cover sheet and IFP application, on February 1, 2007, which was within the sixty-day time period, and she received confirmation of her submission. When her attorney was informed by the clerk's office that the credit card on file had expired, he provided updated credit card information on February 2. Additionally,

although the IFP application was incomplete as filed on February 1, Young's attorney promptly inquired with the clerk's office about filing an amended IFP application. Although the complaint was not actually docketed until February 8 when the corrected IFP application was filed, it was reasonable for Young to believe that her complaint had been timely filed based on the confirmations she had received from the clerk's office. Therefore, the court submits that Young was reasonably diligent in pursuing her rights and correcting her filing errors.

## III. RECOMMENDATION

For the reasons above, the court recommends that the Commissioner's motion to dismiss be DENIED. It is further recommended that, should the court adopt this report and recommendation, a scheduling order be entered in this case setting a briefing schedule.

Respectfully submitted,

s/ Tu M. Pham
---
TU M. PHAM

United States Magistrate Judge

January 15, 2008
---
Date

**NOTICE**
**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS**

**MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**